Spalding, J.
There is no difference of opinion amongst our number, in respect to the justice of this claim, and tin-propriety of the expenditure by the sheriff, under the circum stances.
Indeed we would with one voice unite in advising the de fendant to audit and allow the account as a proper charge against the county of Hamilton, but we do not see the way clear to carry out the remedy by mandamus, as the law no where, in express terms, makes it the duty of the auditor to act upon the allowance of the court, in cases of this sort.
• A majority of the court, however, believe it to be a necessary incident to their authority, to make a provision for the sustenance and care of juries when called to administer the criminal laws of the state, in any county; and as the speediest way of re-imbursing the sheriff for money advanced by him for this salutary purpose, they will direct the county auditor to consider an account of this character, audited and allowed by the court, as “ a just demand against the county, settled and allowed by a tribunal authorized by law to do so.”

A peremptory mandamus will issue.

Hithcock, C. J., dissented.